# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JIMMIE JOHNSON,**

       **Plaintiff,**

                                                **Case No. 06-C-357**

   **v.**

**WILLIAM POLLARD,**

       **Defendant.**

## ORDER ON THE HABEAS CORPUS PETITION

      Jimmie Johnson ("Johnson") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Under Rule 4, Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petitions and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

      Johnson seeks relief on four grounds. Johnson contends that his first ground for relief is that he was denied his Fourth Amendment right to present a defense, though this seems to be a mischaracterization of his actual grounds for relief. It appears that Mr. Johnson is alleging, rather, that his Fourteenth Amendment right to due process was violated by the State because he claims he was denied his right to present a defense. In support of this ground Johnson argues that the trial court mistakenly denied his request to present evidence of a third party being the shooter, and denied his

request for adjournment in order to locate a missing witness that would corroborate his third party shooter defense. Johnson's second ground for relief is that his Fifth Amendment rights were violated by the admission of his confession to police. Johnson contends that the confession was coerced by police and is, therefore, inadmissible. Johnson's third ground for relief is that he was denied his Sixth Amendment right to counsel because of ineffective assistance of trial counsel. Johnson's fourth ground for relief is that he was denied his Sixth Amendment right to counsel because of ineffective assistance of appellate counsel. Johnson contends that his appellate counsel was ineffective because he did not raise, on appeal, the issue of ineffective assistance of trial counsel. The same counsel represented Johnson at both the trial and appellate levels.

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the State will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**IT IS THEREFORE ORDERED** that a copy of Johnson's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within 30 days after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers that do not indicate that a copy has been sent to the respondent or his attorney.

In addition, the parties must notify the Clerk's Office of any changes of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2006.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge