# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JIMMIE JOHNSON,

               **Petitioner,**

                                          **Case No. 06-C-357**

   **v.**

WILLIAM  POLLARD,

               **Respondent.**

## ORDER DENYING REQUEST FOR A CERTIFICATE OF APPEALABILITY

Jimmie Johnson ("Johnson") is incarcerated pursuant to the judgment of a state court and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 19, 2006, this court screened Johnson's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the responded to answer the petition. On May 17, 2006, the respondent answered the petition. On February 13, 2008, following all parties consenting to the full jurisdiction of a magistrate judge, this court denied Johnson's petition on its merits and ordered that judgment be entered accordingly. On February 25, 2008, he filed a request for a certificate of appealability.

To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Johnson seeks a certificate of appealability for each of the three distinct grounds raised in his petition:

> a. Johnson was denied his Fourth Amendment constitutional right to present a defense by the combination of the trial court's rulings denying Johnson the opportunity to present evidence that "Easy" was the shooter by presenting police reports to that effect and denying Johnson's motion for a continuance to continue efforts to locate the witness.

> b. Johnson's Fifth Amendment rights were violated by the admission of his confession to police. The confession was involuntary because police coerced the statement by: (a) questioning Johnson repeated over the course of five days; and, (b) ultimately using "polygraph results" to overcome Johnson's resistance.

> c. Johnson was denied his Sixth Amendment right to effective assistance of trial counsel and of postconviction/appellate counsel.

(Docket No. 12 at 1.)

For the reasons set forth in this court's decision denying Johnson's petition on its merits, this court is unable to conclude that jurists of reason would find debatable that the decisions of the state courts were contrary to or involved unreasonable applications of the most-relevant United States Supreme Court precedents, Holmes v. South Carolina, 126 S. Ct. 1727 (2006), Oregon v. Bradshaw, 462 U.S. 1039 (1983), and Strickland v. Washington, 466 U.S. 668 (1984), respectively. Therefore, this court must deny Johnson's request for a certificate of appealability.

**IT IS THEREFORE ORDERED** that Johnson's request for a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin this 17th day of March, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge